UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KELLY BRYAN SCHNEIDER,<br><br>Defendant. | Case No. 1:17-cr-00003-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the court is the Government's motion to Authorize Payment from Inmate Trust Account (Dkt. 33). Defendant, Kelly Schneider, has filed a response in opposition to the Government's Motion (Dkt. 34). For the reasons that follow, the Court will grant the Government's motion.

## BACKGROUND

Mr. Schneider plead guilty to one count of Hate Crime in violation of 18 U.S.C. § 249(a)(2). On April 26, 2017, this Court sentenced Schneider to 336 months imprisonment, five years of supervised release, a $100.00 special assessment, and a fine of $5,000.00. Schneider is in the custody of the Bureau of Prisons and is currently housed at USP Thompson with an expected release date of

MEMORANDUM DECISION AND ORDER - 1

August 14, 2041. *See* https://www.bop.gov/inmateloc/ (last visited April 27, 2022).

To date, Schneider has paid $100.00 toward the special assessment and $1,696.80 towards the fine. Thus, Schneider owes a balance of $3,303.20 on his monetary penalties.

The Government represents that it was informed that as of the date of their motion, Schneider had $1,425.47 in his inmate trust account maintained by the BOP. The Government asks the Court, pursuant to 18 U.S.C. §§ 3613(a), 3613(c), and 3664(n), to authorize the BOP to turn over to Clerk of Court the funds held in Schneider's inmate trust account as payment for the unpaid criminal monetary obligations imposed on him in this case.

Mr. Schneider filed a response asserting that he has followed the payment schedule set forth by the Court at his sentencing and asks the Court to allow him to continue submitting nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons Inmate Financial Responsibility Program.

## ANALYSIS

Procedures and remedies for enforcing criminal monetary penalties and restitution are set out in 18 U.S.C. §§ 3613, 3664. Section 3613 provides, in relevant part, that a fine or an order of restitution is to be treated as a "lien in favor of the United States on all property and rights to property of the person fined," or

against whom an order of restitution is issued, with some specified exceptions. 18 U.S.C. § 3613(a), (c), (f). The specified exceptions do not apply to property in the form of cash. *See* 18 U.S.C. § 3613(a)(1)-(3).

Furthermore, the Mandatory Victims' Restitution Act (MVRA) requires: "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source ... during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

Some courts have recognized that the Government may pursue immediate or adjusted enforcement of criminal monetary sanctions as long as the judgment contains no language to the contrary. *See United States v. James*, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004); *United States v. Webb*, 2014 WL 4371276, at *1 (D. Ariz. Sept. 4, 2014); *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007); *United States v. Clayton*, 646 F. Supp. 2d 827, 836 (5th Cir. 2009); *see also United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017) ("Participation in the IFRP and compliance with a payment schedule does not preclude[ ] the Government from using other available collection mechanisms to seek payment of monetary penalties"). *But see United States v. Armstrong*, No. 09-CR-135 (BAH), 2020 WL 136289, at *6 (D.D.C. Jan. 13, 2020) (declining to compel restitution

**MEMORANDUM DECISION AND ORDER - 3**

payment from an inmate's trust account, when the restitution order "limits payments to $50 per quarter during the defendant's term of incarceration").

Further, the BOP may encumber the funds held in an inmate trust account upon notification of a pending Federal court order. BOP Trust Fund/Deposit Fund Manual 4500.12 at § 8.8. This prevents dissipation of the funds while the Court considers the government's motion.

Here, the Judgment against Schneider does not contain any statement precluding the immediate or adjusted enforcement of the fine assessment, nor is it worded in terms of limiting the amount of payment due. *See* Dkt. 27. To the contrary, the Judgment states that while in custody, Schneider "shall submit nominal payments of *not less than* $25 per quarter." *Id.* (emphasis added).

As discussed above, Schneider has a balance of $3,303.20 owing on the fine imposed. He currently has funds in the amount of approximately $1,425.47 in his inmate trust account maintained by the BOP. The Court will therefore grant the Government's motion and require the BOP to deliver to the Clerk of the Court all funds in Schneider's inmate trust account in an amount not to exceed $3,303.20.

## ORDER

**IT IS ORDERED that:**

1. The Government's Motion to Authorize Payment from Inmate Trust Account

(Dkt. 33) is **GRANTED**.

2. BOP shall deliver to the Clerk of the Court all funds not to exceed $3,303.20 from Defendant Kelly Bryan Schneider's inmate trust account.

3. The Clerk of the Court shall apply these funds as payment towards the criminal monetary obligations owed by Defendant Kelly Bryan Schneider in this case.

DATED: May 13, 2022

_____
B. Lynn Winmill
U.S. District Court Judge